## Henline v. Stack et al.

1. *Commissioners of Highways—Injunction.*—Where the commissioners of highways in repairing a highway were about to fill up a ditch, they were restrained from so doing by an injunction. In their answer to the bill they answered that they were not merely intending to fill up the ditch, but also to put a culvert across the road so that the water from the complainant's tile drain could flow in its natural course, as it did before the road was graded up. The evidence showed that they were putting in the culvert when the writ was served and it was conceded that by a culvert at that place the water would flow in its natural course. *It was held,* that the injunction was properly dissolved. It was the duty of the commissioners under the statute, which gave them charge of the road and required them to keep it in repair, to improve it as far as practicable.

Memorandum.—Injunction. Appeal from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Circuit Judge, presiding. Heard

in this court at the May term, A. D. 1891, and affirmed. Opinion filed October 31, 1892.

## APPELLANT'S STATEMENT OF THE CASE.

This is a proceeding begun by appellant to restrain Stack (pathmaster) and the commissioners of highways, from interfering with or filling up an open ditch in the highway running along the south side of his farm. The ditch had been open and the water that flowed through the same had been running there for more than twenty-five years, into which appellant emptied a tile drain from his farm.

## APPELLANT'S BRIEF.

Of the owner of the fee in highway—his dominion over the land and everything connected therewith is as absolute and complete after the road is laid out upon it as it was before, except that he must submit to the public's right of passage upon it and to the incidental right which the proper public officer has of taking timber, stone or gravel which he may find within the limits of the highway, and use the same in a reasonable and proper manner to keep the highway in proper repair. Kreuger v. The Town of Palatine, 20 Ill. App. 423, 121 Ill. 72.

"The owner of a fee in the right of way, may carry pipes beneath it or run a drain under it." Angell on Highways, Secs. 302, 319; Berly v. Chander, 6 Mass. 454; Chamberlain v. Enfield, 43 N. H. 350; Holden v. Shattuck, 34 Vt. 536; Palmer v. Silverthorn, 32 Penn. 65; Overman v. May, 35 Iowa, 89; Comr. v. Beckwith, 10 Kas. 603; Wooding v. Fork Tp., 28 Pa. St. 355; Kellogg v. Thompson, 66 N. Y. 88; Brookfield v. Walker, 100 Mass. 94; Thompson on Highways, pages 27, 28, 29, 407, 408.

Appellant, as the owner, has the unrestricted right to drain for agricultural purposes, as the water is in fact surface water, having no definite source or channel. Woffle v. R. R. Co., 38 Barb. (N. Y.) 413; Cott v. R. R. Co., 36 N. Y. 217; Sweet v. Cotts, 50 N. H. 429; Popplewell v. Hodgkinser, 20 L. T. N. S. 578; Goodal v. Tuttle, 29 N. Y. 459; Bufforn v. Horns, 5 R. I. 253; Curtiss v. Ayrault, 47 N. Y. 73.

Henline v. Stack.

The public only had an easement and the right to flow water down the ditch by appellant, and the same being on his own land was to this extent a relinquishment of so much of the easement as might be necessary for that purpose. Washburn on Easements, 506; Loggins v. Inge, 7 Bing. 682; Winter v. Brockwell, 6 East, 308; Morse v. Copeland, 2 Gray (Mass.), 302; Elliott v. Rhett, 5 Rich. 405, 418, 419; Dyer v. Sanford, 9 Met. (Mass.) 395.

TIPTON & PEIRCE, attorneys for appellant.

### APPELLEES' BRIEF.

"A board of commissioners of highways can not grant away the use of the right of way of the public highway to a private person, and the right to perpetually flood the land of another can only be acquired by grant or prescription." Johnson v. Rea, 12 Brad. 331.

"A prescription can not be for anything which can not be raised by grant, for the law allows a prescription only in supply of the loss of a grant, and therefore every prescription presupposes a grant to have been made." "As an incorporated town or city holds the title to its streets and alleys for the use of the public, and has no authority to grant them away for any purpose inconsistent with the public use, it follows that an individual can not acquire a prescriptive right therein for private use. City of Quincy v. Jones, 76 Ill. 232; 2 Blackstone (Sharswood's Ed.) 263; City of Alton v. Ill. Trans. Co., 12 Ill. 37–60; Kreigh v. City of Chicago, 86 Ill. 407; Johnson v. Rea, 12 Brad. 331; C. & N. W. R. R. v. Hoag, 90 Ill. 339–351; Lee v. Town of Mound Station, 118 Ill. 304–316; Logan County v. City of Lincoln, 81 Ill. 156.

"It seems well settled that an adverse right to an easement can not grow out of a mere permissive enjoyment for any length of time." City of Quincy v. Jones, 76 Ill. 231, 244; First Parish v. Beach, 2 Pick. (Mass.) 60; Medford v. Pratt, 4 Pick. (Mass.) 222; Parker v. Farmingham, 8 Metc. (Mass.) 260; Thomas v. Marshfield, 13 Pick. (Mass.) 240.

The right to perpetually flood the land of another can only be acquired by grant or prescription. Woodard v. Seeley, 11 Ill. 157; Tanner v. Valentine, 75 Ill. 624.

Where the allegations of the bill are such as do not charge a nuisance, *per se*, is about to be committed by public officers in the performance of discretionary duties, a court of equity will not enforce their proposed action until the question of nuisance has been determined by suit at law. Thornton v. Roll, 118 Ill. 350, 364; Dunning v. City of Aurora, 40 Ill. 481; Owens v. Crossett, 105 Ill. 355; Brush v. Carbondale, 78 Ill. 75; Patterson v. C., D. & V. R. Co., 75 Ill. 588.

There is no charge in the bill and no evidence offered that these defendants are insolvent. In order to maintain injunction where the threatened act would not create a nuisance *per se*, such charge and evidence are essential. Owens v. Crossett, 105 Ill. 355; Thornton v. Roll, 118 Ill. 350; Bliss v. Kennedy, 43 Ill. 68.

" Commissioners of highways have no right, in draining a road, to collect water, and carry along the road a quantity of water which would naturally drain off in another direction, and discharge it on an adjoining farm." Young v. Commissioners of Highways, 25 N. E. Rep. 689; J., N. & S. R. R. Co. v. Cox, 91 Ill. 500; Nevins v. City of Peoria, 41 Ill. 502.

" There could not be an estoppel *in pais* as against appellant because the appellee has expended money in pursuance of the agreement; for it very well knew such an agreement on the part of the commissioners was beyond their power and void." Town of Rice v. C. B. & Q. & N. Ry. Co., 30 Ill. App. 481–488.

The owner of the dominant estate can not drain so as to create new channels upon or over the servient estate. Commissioners of Highways v. Whitsit, 15 Brad. 318; Peck v. Herrington, 109 Ill. 612.

The commissioners of highways can not estop themselves or the public of the right to exercise their power to fill up an open ditch on a highway which does not run in a natural water course. Johnson v. Rea, 12 Brad. 331.

The digging of a ditch in a highway other than in a natural water course or drainage channel is of itself an injury to the highway. Town of Canoe Creek v. McEniry, 23 Ill. App. 227.

" The right to lay a tile drain for private purposes along a highway is one which the commissioners of highways have no power to grant. The right to dig and maintain such a drain is such a right and interest in land as can not be given by parol but must be created by deed." Murray v. Gibson, 21 Ill. App. 488.

It is negligence, for which the commissioners of highways are personally liable, to leave an open ditch in a highway. Skinner & Cannon v. Morgan, 21 Ill. App. 209.

NEVILLE & LINDLEY, counsel for appellees.

OPINION OF THE COURT, the Hon. George W. Pleasants, Judge.

This was a bill to enjoin the commissioners against filling up an open ditch in the highway on the section line between sections 1 and 12 in the town of Towando. On final hearing upon the pleadings and proof, it was dismissed, and from that decree complainant appealed.

Appellant owns the east half of said section 1, on which he has resided ever since 1866. Appellees Carmody and Kinsella, respectively, own land adjoining the highway on the south—that of the former being the N. W. ¼ and the N. W. ¼ of the N. E. ¼ of section 12, and that of the latter the E. ½ of the N. E. ¼ of said section. On appellant's land is a low basin which naturally drained south across the highway upon the land of Kinsella. But since the road was graded and rounded up, more than twenty years before the commencement of this suit, none has flowed across it. In throwing up the earth from the north side, a ditch was left there which has since been made wider and deeper by work in cleaning out and by the flow of water therein. It is now two and a half or three feet in depth and five or six in width at the top, and six or eight from the north line of the high-

way. When the road was graded up, the old culvert across it by which the water from appellant's basin passed on to Kinsella's land was taken out, and from that time it all flowed west in the open ditch to another culvert sixty rods or more west of the one referred to, by which the water, together with water from the west, flowed across the road upon the N. W. ¼ of N. E. ¼ of section 12, now owned by Carmody, but then by Talkingham, and southeasterly over it to the natural water course or depression on Kinsella's land.

In 1878 appellant laid a tile drain in the western part of his land from a point almost due north of this west culvert to the ditch at that point, and by agreement with Talkingham, helped him to pay for a larger drain on his land than he had intended to put in. He also soon afterward tiled from the basin spoken of, in the natural course of drainage, to the ditch at the point where the east culvert had been. This has so increased the water flowing to the west culvert as to overflow at times the tile drain of Talkingham, now Carmody's. And since that is not the natural course of that water, Carmody notified the commissioners to fill up or dam the open ditch, to protect him from it. Of this they advised appellant, who, according to the testimony of one of them, consented to have it done. Thereupon they filled the ditch just west of the tile mouth and were putting in a wooden culvert about where the old one was, when appellant took out the dam and brought this suit, enjoining them against any interference with the ditch.

Appellant claims the right to have it kept open for the drainage of his land, on several grounds.

First, by virtue of his title to the north half of the highway. He insists that this is subject only to the easement of the public, and that he may lawfully do with or upon that part of the highway what he will that is not incompatible with the reasonable enjoyment of such easement, and that the maintenance of the ditch is not so incompatible.

Second, by lapse of time, the ditch having been open and carrying the water as now for more than twenty years.

Henline v. Stack.

Third, by estoppel. It is said that the commissioners by grading up the road and permitting the flow in the ditch for twenty years, have barred appellant's right to drain upon Kinsella's land, and so left him no other mode or means of drainage but the ditch.

In their answer, the commissioners aver that they were not intending merely to fill up the ditch, but also to put a culvert across the road, so that the water from complainant's tile drain could flow in its natural course, and as it did before the road was graded up. The evidence is that they were putting in the culvert when the injunction writ was served, and it is conceded that by a proper culvert there, the water would flow in its natural course. Kinsella was made a party defendant, but did not answer, for the reason, it may be inferred, that as he testified, he did not object to that arrangement. Nor could he successfully resist its execution—if he were so disposed.

What more could appellant rightfully demand or reasonably want? Why should he insist on keeping open this wide and deep ditch, becoming deeper and wider, only to give him drainage in an unnatural course, when he could have it in the natural one as fully and completely and at a little cost to him by the means proposed? In the judgment of the commissioners it had become inconvenient and dangerous in the highway, which would seem to be sufficiently obvious from its location and description alone; and its maintenance was shown to be wrongful and injurious to Carmody. There was no apparent necessity for it or advantage in it. It was therefore clearly their duty, under the statute which gave them charge of the road and required them to keep it in repair, and to improve it so far as practicable, to fill it up, as the needful and only way to avert the danger and put an end to the wrong and injury.

We think the evidence shows the facts above stated, in which case it is hardly necessary to say that appellant could not have the right here claimed, as owner of the fee in the north half of the highway, by prescription, estoppel or otherwise. The decree was right and will be affirmed.